

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

OHN BEN SHEPPERD
ATTORNEY GENERAL

262

July 13, 1953

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Camp Mabry
Austin, Texas

Opinion No. S-69.

Re: Legality of the Department of
Public Safety purchasing, main-
taining, and operating an un-
limited number of passenger
carrying vehicles equipped with
two-way radios and used to safe-
guard public safety and public
property or to enforce criminal
laws.

Dear Col. Garrison:

You have submitted two questions concerning in-
terpretation of Section 9 of Article VI, Chapter 81, Acts
of the 53rd Legislature (House Bill No. 111), the general
appropriation act for the biennium beginning September 1,
1953. That section is as follows:

"Sec. 9. Passenger vehicles.

"a. None of the moneys appropriated in
this Act may be expended for the purchase of
passenger cars or of airplanes designed for
passenger transportation unless authority to
do so is explicitly stated by the language of
this Act. Moreover, none of the moneys appro-
priated in this Act may be expended for the
maintenance or operation of any State-owned
passenger car or airplane designed for passen-
ger transportation unless the authority to do
so, and the number of passenger cars or air-
planes to be maintained and operated, are ex-
plicitly stated by the language of this Act.

"Where the language of this Act explicitly
authorized the maintenance and operation of a
specified number of State-owned passenger cars

by an agency of the State, such agency shall file with the Comptroller by Sept. 15, 1953 a list identifying the passenger cars to be maintained and operated; and none of the funds appropriated by this Act shall be available to such agency for expenditure unless and until such list has been filed. The list also shall be amended and corrected by such agency from time to time as the identity of passenger cars being maintained and operated within the prescribed limitation changes during the biennium.

"b. Only the following passenger-carrying vehicles are exempt from the restrictions on purchase, maintenance and operation specified in this section: panel, pick-up and delivery trucks and trucks required for the conveyance of special equipment; motorcycle delivery units; dual-control automobiles used exclusively for driver training; passenger cars equipped with two-way radios, motorcycles, jeeps, and boats needed, and used for fire prevention, fire-fighting and other activities for safeguarding public safety, public property, or for criminal law enforcement; ambulances or other passenger vehicles specially equipped and regularly used for ambulance services; buses and station-wagons regularly used for the mass transportation of numbers of people and essential to the efficient management of the operating agency of the State.

"c. In those instances where the language of this Act explicitly authorizes the purchase of passenger cars, none of the appropriated funds so authorized shall be expended for the purchase of a passenger car having a wheel base in excess of 117 inches; provided, however, that if passenger cars of longer wheel base are offered at lower prices, the Board of Control may purchase same."

Ten specific line item appropriations to your department under Chapter 81 (## 72, 74, 128, 130, 155, 157, 185, 187, 203 and 205) contain language authorizing either purchase or maintenance and operation of specified numbers of passenger cars, trucks, motorcycles, airplanes, and one boat by your various divisions.

Your letter states:

"It is our opinion that none of the provi-
sions of Sec. 9a are applicable to the De-
partment of Public Safety because of the
exceptions indicated in Sec. 9b; and further,
that the only limitations on purchase, opera-
tion, or maintenance of vehicles of the De-
partment are the amounts appropriated for the
purpose.

"The Comptroller is of the opinion that the
line items govern and that no vehicles in ex-
cess of those indicated can be purchased,
maintained or operated.

"In view of these conflicting opinions, your
opinion is respectfully requested of the fol-
lowing:

"1. Do the restrictions on purchase,
maintenance and operation of passenger-
carrying vehicles which appear in Sec.
9a of Art. VI of House Bill 111, Acts
of the 53rd Legislature, apply to the
Texas Department of Public Safety.

"2. May the funds appropriated for such
purposes by House Bill 111 be used by
the Department of Public Safety for the
purchase, maintenance and operation of
vehicles in excess of the quantities
listed in the line items of the appropri-
ation bill?"

In our opinion the provisions of Section 9a (and
9c) as a matter of law definitely do apply to the Texas
Department of Public Safety. By the clear terms of this
general rider the limitations of Section 9 apply to all "mon-
eys appropriated in this Act" for the purchase, maintenance
and operation of passenger cars and airplanes designed for
passenger transportation. The only passenger cars and air-
planes to which the limitations of Section 9 do not apply
are those which are specially exempted by Section 9b.

Your first question appears to be based on the prem-
ise that all vehicles used by your department are within the
exempted classes as a matter of law. We cannot accept this
premise. Whether a given passenger car is "equipped" with a
two-way radio and whether any given vehicle is "needed" and

"used" for any of the specified purposes are fact questions. We are required to interpret exemptive language strictly. Consequently, in our opinion Section 9b contemplates that the particular vehicles must be needed and used directly in carrying out an exempt function. This view precludes a holding that because the principal responsibilities of your department relate to safeguarding public safety and public property and to criminal law enforcement, every vehicle purchased, maintained or operated by you is exempt as a matter of law.

In response to your second question, it is the opinion of this office that the funds appropriated in the ten items mentioned above may be used for the purchase, maintenance and operation of vehicles in excess of the quantities specified in those items. We reach this conclusion on the basis of the Legislature's directive in Section 9b that certain exempt vehicles are not subject to the "restrictions on purchase, maintenance and operation specified in this section." You are aware, of course, that an express specification of quantity is one of the primary "restrictions . . . specified in this section", and that except for the restrictions imposed in Section 9, neither an express specification of quantity nor an explicit statement of authority to purchase, maintain or operate is a prerequisite to the validity of the appropriations for these purposes. Att'y Gen. Op. Nos. V-1296 (1951), V-1097 (1950), O-5925 (1944), O-2669 (1940).

These considerations compel the conclusion that it was the intention of the 53rd Legislature that vehicles of the exempt classes should not be subject to the special limitations imposed by Section 9. Consequently, having this view about the general intention of the authors of the ten specific line items inquired about, it is our opinion that, within the limits of the funds appropriated, you may purchase, maintain and operate an unlimited number of exempt vehicles in addition to the specified number of vehicles stated therein.

The relatively large quantities of vehicles specified in the ten appropriation items to your department would seem to indicate that the Legislature's specification of quantities in your case may have been intended to comprehend both exempt and non-exempt vehicles. Undoubtedly, the Comptroller's opinion is so reasoned. Without considering Chapter 81 as a whole we would be inclined to agree. But a comparison of appropriations for these purposes made by Chapter 81 to other

executive agencies,* especially those to the Prison System and the Game and Fish Commission, convinces us that the 53rd Legislature was aware of the effect of Article VI, Section 9b of this Act and uniformly specified only non-exempt vehicles.

Moreover, we are persuaded that our construction of the appropriations here involved is more in keeping with the apparent purpose of Section 9b to continue to permit maximum flexibility in the use of funds appropriated for exempted functions while closely limiting the use of funds appropriated for purchase, maintenance and operation of passenger vehicles to be used by state agencies for non-exempt functions.

## SUMMARY

The restrictions imposed by Section 9 of Article VI of the general appropriation act for the next biennium, (Chapter 81, Acts of the 53rd Legislature) apply to purchases, maintenance and operation of passenger cars and airplanes by the Department of Public Safety which are not exempt as a matter of fact by the terms of Section 9c. The quantities of automobiles specified in the appropriations to the Department refer to non-exempt vehicles only and do not constitute limitations on the purchase, maintenance and operation of exempt vehicles with appropriated funds.

APPROVED:                                  Yours very truly,

C. K. Richards                             JOHN BEN SHEPPERD
Appellate Division                         Attorney General

Willis E. Gresham
Reviewer

Burnell Waldrep                            By *Phillip Robinson*
Executive Assistant                           Phillip Robinson
                                              Assistant

John Ben Shepperd
Attorney General

---

* Acts, 53rd Leg., Ch. 81, p. 127, p. 207 – item 11 (Game and Fish Commission), p. 210-item 22 (Governor's Office), p. 222 (Highway Dept.), p. 267-item 167 (Prison System), and p. 283-286-items 50, 51, 57, 58, 130, 131 (Railroad Comm.).

PR:wb